[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Bernard R. Pacholski, by small claims writ, dated November 9, 2000, brought this action, claiming breach of an agreement to purchase real estate owned by the plaintiff and for damage to the property during the defendant, Renee Butler's, occupancy.
The defendant's motion to transfer to the regular docket of the Superior Court, citing a good defense and the election of the defendant to file a counterclaim alleging that the plaintiff railed to repair the premises for the purposes of furthering the defendants quest for a mortgage commitment and damages for the plaintiff's loss of down-payment assistance, was granted.
The parties being at issue, this matter was tried to the court on the plaintiff's amended complaint and on the defendant's counter claim.
After a full trial, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
On or about October 2, 1999, the plaintiff entered into a contract with the defendant for the purchase of the premises located at 446 Washington Street, Middletown, Connecticut.
The contract was for the purchase of said premises by the defendant for the purchase price of $55,000, subject in pertinent part on the plaintiff's procurement of a mortgage as set forth in the agreement and the plaintiff receiving governmental funded down-payment assistance.
The closing was continued, with the consent of the parties, from time to time. The final date for the closing was set for March 15, 2000.
The closing did not occur.
The plaintiff received a mortgage commitment and down-payment assistance. CT Page 1530
The mortgage commitment was conditional on certain repairs to be made to the premises. One of which was the plaintiff's agreement to "repair the leaks on the front of the house and on the porch." The plaintiff engaged a party to make said repairs, which were done. However, in repairing the leaks, an area of water damage to the porch ceiling was not repaired. The court credits the representation of the bank who testified that the property did not pass final inspection due to the failure of the plaintiff to repair the water damage.
The defendant did not proceed with the closing due to the failure of the premises to pass inspection as to roof repairs to the porch ceiling.
The plaintiff, by failing to make satisfactory repairs, prevented the defendant from obtaining a mortgage.
The court also rules that the plaintiff is not liable for the defendant's failure to utilize down-payment assistance.
The five hundred dollar deposit held by the realtor is to be turned over to the plaintiff as set-off against the damages to the plaintiff as indicated below.
The plaintiff claims that the defendant owes him damages for two months of occupancy, cleaning and repair costs upon the defendant vacating the property.
The court finds that the only damages assessable against the defendant upon the vacating of the premises was a cleaning bill in the amount of $90. The other items claimed by the plaintiff are found by the court to be not proven or the result of the ordinary wear and tear that are the consequences of a landlord-tenant relationship.
The court finds that the defendant owes to the plaintiff the sum of $1,300 for use and occupancy.
There is also being held in escrow, by the defendant's closing attorney, the sum of $312. Said sum is to be turned over to the plaintiff as set-off against the $1,390 in use and occupancy and damage found by the court to be due the plaintiff.
Accordingly, judgment may enter for the defendant on count one of the plaintiff's amended complaint and for the plaintiff on count two of his complaint to recover of the defendant the sum of $578 (damages of $1,390 less $812).
Judgment may enter for the defendant on her counterclaim to recover of CT Page 1531 the plaintiff the sum of one dollar.
No counsel fees or costs are awarded to either party.
The defendant, for good cause shown, was justified in her motion to transfer a small claims case to the regular docket and prevailed on her counterclaim.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE